UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DANIEL PALACIOS,

                *Petitioner*,

– against –

LADEON FRANCIS, *New York Field Office Director for U.S. Immigration and Customs Enforcement*, HERIBERTO TELLEZ, *Warden of Metropolitan Detention Center (MDC) Brooklyn*, PAMELA BONDI, *Attorney General of the United States*, KRISTI NOEM, *Secretary of Homeland Security*, TODD M. LYONS, *Acting Director, U.S. Immigration and Customs Enforcement*,

                *Respondents*.

**MEMORANDUM & ORDER**
26-cv-00847 (NCM)

**NATASHA C. MERLE**, United States District Judge:

On February 2, 2026, U.S. Immigration and Customs Enforcement ("ICE") agents arrested Petitioner Daniel Palacios. Pet. for Writ of Habeas Corpus ("Petition") ¶ 26, ECF No. 1. Petitioner is presently in custody at the Metropolitan Detention Center ("MDC") in Brooklyn, New York and has not been provided a bond hearing. Pet. ¶¶ 26, 66. He now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Pet. 2.[1] For the reasons discussed below, the petition is GRANTED.

## BACKGROUND

Petitioner has lived in the United States continuously since 2005, when he entered without inspection. Pet. ¶ 14. Petitioner is married to a United States citizen, has four

---

[1] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

United States citizen children ages three through eighteen, and at present has resided in the United States for over 20 years. Pet. ¶ 1. Petitioner is also actively pursuing an immigration case: "[h]e currently has an approved I-360 (special immigrant visa), and a pending application for an I601A (for provisional waiver to remain in the United States while his further immigration applications are processed)." Pet. ¶ 2. Petitioner states that he is eligible for cancellation of removal. Pet. ¶ 2.

Petitioner was detained on February 2, 2026 and is currently being held by ICE at the MDC. Pet. ¶ 26. He commenced the instant action on February 13, 2026 by filing a petition for a writ of habeas corpus. *See* Pet. The same day, the Court issued an order directing respondents to submit a letter that day stating: (1) the statutory provision(s) under which respondents assert the authority to detain petitioner; and (2) whether there is any material basis to distinguish the instant case from this Court's prior decisions in *Y-C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), *Yumbla v. Maldonado*, No. 26-cv-00594, 2026 WL 371414 (E.D.N.Y. Feb. 10, 2026), *Guanga Dutan v. Tellez*, No. 26-cv-00600, 2026 WL 377520 (E.D.N.Y. Feb. 11, 2026), *Erjigitov v. Lyons*, No. 26-cv-00624, 2026 WL 382489 (E.D.N.Y. Feb. 11, 2026), or any other decision of this Court. Scheduling Order 2–3, ECF No. 3. The government timely filed a response which stated that "[r]espondents' position is that [p]etitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A)." Resp. to Order to Show Cause ("Response") 1, ECF No. 5. The response further stated that "[i]n five decisions involving facts materially indistinguishable from those alleged in the [p]etition, this Court has held that 8 U.S.C. § 1226(a) is the proper detention authority. . . . Respondents acknowledge that if the Court applies the reasoning of these five decisions here, they would control the result in this case." Resp. 2–3.

**LEGAL STANDARD**

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, No. 25-cv-06065, 2025 WL 3314420, at *8 (E.D.N.Y. Nov. 28, 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

**DISCUSSION**

Petitioner contends that he is being detained in violation of the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment. Pet. ¶¶ 67–73. The government's response does not dispute these assertions and concedes that the case is materially indistinguishable from the Court's prior decisions, only noting that "since the Court issued the most recent decision, *Erjigitov*, two district court judges have issued opinions that endorsed the Government's interpretation of the relevant statutory provisions." Resp. 2 n.2. Accordingly, for the reasons stated by this Court in *Crespo Tacuri* and *Y- C-*, which the Court incorporates here by reference, the Court concludes that petitioner is being unlawfully detained pursuant to Section 1226 and in violation of his rights to due process under the Fifth Amendment.[2] *See Y-C-*, 2025 WL 3653496, at *7;

---

[2] For the avoidance of doubt, the Court does not address any legal or factual argument that respondents do not raise here or did not raise in their briefing in *Y- C-* or *Crespo Tacuri*. *See Catania v. United Fed'n of Tchrs.*, No. 21-cv-01257, 2023 WL 1962533, at *3 (S.D.N.Y. Feb. 13, 2023) ("Courts generally do not decide issues not raised by the parties." (quoting *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring))); *see also Russell v. Bd. of Plumbing Exam'rs*, 1 F. App'x 38, 41 (2d Cir. 2001) (summary order) ("We are, however, troubled by the district court reaching an issue neither pressed nor briefed before it, and urge against such a practice in the future.").

*Crespo Tacuri*, 2026 WL 35569, *7; *see also Ccorihuaman*, 2026 WL 328983, at *2. "Habeas is at its core a remedy for unlawful executive detention" and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Court therefore deems petitioner entitled to immediate release.

## CONCLUSION

For the foregoing reasons, the Court holds that petitioner's detention violates the INA and the Due Process Clause. The petition for a writ of habeas corpus is therefore **GRANTED**.

Respondents are directed to release the petitioner from custody within 24 hours of this Order and file a letter on the docket no later than 5:00 p.m. on February 17, 2026 certifying their compliance. The Court further orders that petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a). For the avoidance of doubt, the Court concludes that petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the circumstances here, restoration of . . . the status quo ante." *Khabazha v. ICE*, No. 25-cv-05279, 2025 WL 3281514, at *8 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"); *see also Ccorihuaman*, 2026 WL 328983, at *2. This Order includes "an injunction barring deprivation of any of . . . [p]etitioner's rights without the requisite procedural protections." *Khabazha*, 2025 WL 3281514, at *8; *see also Ccorihuaman*, 2026 WL 328983, at *2.

Petitioner's February 18, 2026 deadline to file a reply and the hearing scheduled for February 19, 2026 are hereby adjourned.

Should the petitioner seek an award of reasonable fees and costs under the Equal Access to Justice Act, he may file a letter application on the docket within thirty days of this Order. The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

**SO ORDERED.**

                                                          _/s/ Natasha C. Merle_
                                                          NATASHA C. MERLE
                                                          United States District Judge

Dated:        February 14, 2026
                 Brooklyn, New York